UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ACFI 2002-1, LLC<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN RANSON and J. MICHAEL RANSON,<br><br>    Defendants. | Case No. CV 04-592-S-LMB<br><br>**ORDER** |
| J. MICHAEL RANSON<br><br>    Cross-claimant,<br><br>v.<br><br>STEVEN RANSON,<br><br>    Cross-defendant. | |

Currently pending before the Court is Defendant J. Michael Ranson's Motion for Summary Judgment on his cross-claim against Defendant Steven Ranson. (Docket No. 76, Att.1). Defendant Steven Ranson has not formally responded to the Motion, despite the Court's order requiring a response and extending the response deadline. Having carefully reviewed the record and otherwise being finally advised, the Court enters the following Order.

I.

BACKGROUND

The background and history of this action have been previously set forth in prior orders, however, certain information relevant to the pending motion will be restated here.

In January 2001, AMRESCO Commercial Finance, LLC ("AMRESCO"), a Delaware limited liability company with its principal place of business in Boise, Idaho, loaned Ranson

**ORDER - 1**

Automotive, Inc., Ranson Chevrolet-Oldsmobile, Inc., and Ranson Land Company LLC (collectively "Borrowers") approximately $2.1 million (the "Loan"). *Complaint*, ¶¶ 5, 10-11 (Docket No. 1). The purpose of the Loan was to provide financing for Borrowers' automobile dealerships. *S. Ranson Memorandum*, p. 2 (Docket No.19, Att. 1). AMRESCO later assigned the Loan to Plaintiff ACFI 2002-1, LLC ("Plaintiff" or "ACFI"), an affiliate of AMRESCO that is managed by AMRESCO. *Complaint*, ¶ 10 (Docket No. 1); *Moore Affidavit*, ¶¶ 2, 12 (Docket No. 28). Defendants J. Michael Ranson and Steven Ranson, each in his individual capacity, signed an Affiliate Guaranty (the "Guaranties") in which each guaranteed repayment of the entire Loan amount. *Redding Affidavit*, Exs. 51, 52 (Docket No. 29).

Plaintiff commenced this action on November 22, 2004 to recover on the Guaranties. *Complaint* (Docket No. 1). Defendants Steven Ranson and J. Michael Ranson each responded by moving to dismiss the action for lack of personal jurisdiction. *Answer*, p. 2 (Docket No. 8); *Motion* (Docket No. 11). After the Court denied the requested dismissal, *Order* (Docket No. 40), J. Michael Ranson filed an Answer and asserted a cross-claim for fraud against Steven Ranson, *Answer* (Docket No. 42). Thereafter, counsel for Steven Ranson filed an Answer to Cross-Claim (Docket No. 46) and also moved to withdraw as counsel, *Motion to Withdraw* (Docket No. 43).

On July 12, 2005, the Court granted counsel's Motion to Withdraw, ordered Steven Ranson to file a written notice designating how he will be represented in this action, and advised Mr. Ranson that failure to appear through another attorney or pro se within the designated time period would be sufficient ground for dismissal of the action. *Order*, p. 2 (Docket No. 47). Steven Ranson missed the deadline to file this notice with the Court, and Plaintiff applied for entry of default. *Application* (Docket No. 49). Ten days later, Mr. Ranson filed a notice of appearance pro se (Docket No. 50), and responded to Plaintiff's default application (Docket No. 51). On October 7, 2005, the Court denied Plaintiff's default application. *Order* (Docket No. 52).

One week later, on October 14, 2005, Steven Ranson filed a petition for bankruptcy in the Southern District of West Virginia. *Third Peterson Affidavit*, p. 2 & Ex. A (Docket No. 65,

**ORDER - 2**

Atts. 1 & 2). On December 7, 2005, the Court stayed this action for all claims and cross-claims pending against Steven Ranson based on the bankruptcy court's automatic stay of all lawsuits by creditors. *Order* (Docket No. 68); *Third Peterson Affidavit*, Ex. A, pp. 1-2 (Docket No. 65); *Notice* (Docket No. 66).

Thereafter, the Court granted a stipulated dismissal of the claims between Plaintiff and Defendant J. Michael Ranson and administratively terminated this action. *Order* (Docket No. 71). The only claims remaining in the action when it was terminated were the claims against Steven Ranson, including J. Michael Ranson's cross-claim against Steven Ranson. After the bankruptcy court lifted the stay as it relates to the cross-claim, *see Motion to Reopen*, Ex. A, p. 3 (Docket No. 72), the Court granted J. Michael Ranson's Motion to Reopen the proceedings against Steven Ranson, *Order* (Docket No. 73). The Court also set discovery and dispositive motion deadlines related to the cross-claim. *Order*, pp. 2-3 (Docket No. 73).

Pursuant to the Court's scheduling order, on May 31, 2006, J. Michael Ranson served Requests for Admission on Steven Ranson at the address listed in Steven Ranson's last communication with this Court. (Docket No. 74). Because Steven Ranson had not responded to these Requests within the time permitted, the Court granted J. Michael Ranson's Motion to deem the requests admitted. *See Motion to Have the Court Deem Requests for Admission Admitted* (Docket No. 75); *Order* (Docket No. 77).

In July of 2006, J. Michael Ranson also filed a Motion for Summary Judgment. (Docket No. 76). Because the deadline for Steven Ranson to respond to this Motion passed on August 24, 2006 without any response, the Court entered an Order requiring Mr. Ranson to respond by October 16, 2006. *Order* (Docket No. 77). On October 16, 2006, Steven Ranson sent an email to an email address used only for submitting proposed orders to the Court. This email requested an additional two weeks to respond to the Court's Order and attached a Settlement Agreement and Mutual Release ("Settlement Agreement") purported to be an agreement between Steven Ranson, J. Michael Ranson, and other parties to provide for a release of all claims arising from the Amresco Loan. The Court notified Steven Ranson that all matters requiring court action

**ORDER - 3**

must be filed with the Clerk of the Court.  Nonetheless, the Court has waited an additional five weeks after receiving Steven Ranson's email to allow him time to properly respond to the Motion for Summary Judgment by filing a brief and affidavits with the Clerk of the Court.  To date, Steven Ranson has not filed anything with the Clerk.  Indeed, Steven Ranson has not filed anything with the Clerk of the Court since his Response to Plaintiff's Application for Default Judgment on August 24, 2005 (Docket No. 51), and the other parties in this action have been unsuccessful in their attempts to contact him, *see Ranson Affidavit* (Docket No. 67); *Third Peterson Affidavit*, ¶ 2 (Docket No. 65, Att. 1).[1]  It is in this context that the Court considers J. Michael Ranson's summary judgment motion.

## II.

## MOTION FOR SUMMARY JUDGMENT

J. Michael Ranson filed a two-and-one-half page Motion for Summary Judgment (Docket No. 76), without providing a supporting memorandum.  Mr. Ranson cites no case law in support of his Motion, nor does he even mention the elements necessary to prove a fraud claim or explain how the information in the record establishes each of the elements necessary to support his fraud claim.  Pursuant to District of Idaho Local Civil Rule 7.1(b), all substantive motions "must be accompanied by a separate brief . . . containing all of the reasons and points of authorities relied upon by the moving party." Dist. Idaho L. Civ. R. 7.1(b)(1).  Moreover, the initial burden is on the party moving for summary judgment to show that he is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c) (requiring that the record show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] It is notable that Steven Ranson received the Court's September 22, 2006 Order that was mailed to the address listed in his August 18, 2005 Notice of Appearance—5 Chilton Manor, Apt. B, Charleston, West Virginia, 25314—despite the other parties' difficulties in contacting Mr. Ranson at this address.  *Notice of Appearance* (Docket No. 50).

**ORDER - 4**

matter of law"). J. Michael Ranson has not met this burden.[2] For all of these reasons, J. Michael Ranson's Motion for Summary Judgment will be denied.

## III.

## ORDER

IT IS THEREFORE HEREBY ORDERED:

1. J. Michael Ranson's Motion for Summary Judgment (Docket No. 76) is DENIED.

2. The Clerk of the Court shall mail a copy of this Order to the following addresses:

> Steven Ranson
> 5 Chilton Manor, Apt. B
> Charleston, West Virginia,  25314

> Steven Ranson
> c/o John N. Charnock, Jr.
> P.O. Box 207
> Charleston, West Virginia,  25321

DATED:  **December 14, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

---

[2] The Court can grant J. Michael Ranson summary judgment only if he has affirmatively shown that "there is no genuine issue as to any material fact and that [he is] entitled to a judgment as a matter of law" and not on the basis of Steven Ranson's failure to file a response memorandum. *Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (explaining that "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

**ORDER - 5**