UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ACFI 2002-1, LLC<br><br>       Plaintiff,<br><br>v.<br><br>STEVEN RANSON and J. MICHAEL RANSON,<br><br>       Defendants. | Case No. CV 04-592-S-LMB<br><br>**ORDER** |
| J. MICHAEL RANSON<br><br>       Cross-claimant,<br><br>v.<br><br>STEVEN RANSON,<br><br>       Cross-defendant. | |

      All of the litigation deadlines have passed and this case is ready to be set for trial. However, before a trial is set, it is appropriate to provide Cross-Defendant Steven Ranson with notice of the rules regarding default considering that he has failed to respond to several motions and court orders (*see, e.g.*, Docket Nos. 75-77).

I.

BACKGROUND

      Plaintiff ACFI 2002-1, LLC commenced this action on November 22, 2004 to recover on guaranties executed by Defendants J. Michael Ranson and Steven Ranson. *Complaint* (Docket No. 1). The Defendants each responded by moving to dismiss the action for lack of personal jurisdiction. *Answer*, p. 2 (Docket No. 8); *Motion* (Docket No. 11). After the Court denied the requested dismissal, *Order* (Docket No. 40), J. Michael Ranson filed an Answer and asserted a

**ORDER - 1**

cross-claim for fraud against Steven Ranson, *Answer* (Docket No. 42). Thereafter, counsel for Steven Ranson filed an Answer to Cross-Claim (Docket No. 46) and also moved to withdraw as counsel, *Motion to Withdraw* (Docket No. 43).

On July 12, 2005, the Court granted counsel's Motion to Withdraw, ordered Steven Ranson to file a written notice designating how he will be represented in this action, and advised Mr. Ranson that failure to appear through another attorney or pro se within the designated time period would be sufficient ground for dismissal of the action. *Order*, p. 2 (Docket No. 47). Steven Ranson missed the deadline to file this notice with the Court, and Plaintiff applied for entry of default. *Application* (Docket No. 49). Ten days later, Mr. Ranson filed a notice of appearance pro se (Docket No. 50), and responded to Plaintiff's default application (Docket No. 51). On October 7, 2005, the Court denied Plaintiff's default application. *Order* (Docket No. 52).

One week later, on October 14, 2005, Steven Ranson filed a petition for bankruptcy in the Southern District of West Virginia. *Third Peterson Affidavit*, p. 2 & Ex. A (Docket No. 65, Atts. 1 & 2). On December 7, 2005, the Court stayed this action for all claims and cross-claims pending against Steven Ranson based on the bankruptcy court's automatic stay of all lawsuits by creditors. *Order* (Docket No. 68); *Third Peterson Affidavit*, Ex. A, pp. 1-2 (Docket No. 65); *Notice* (Docket No. 66).

Thereafter, the Court granted a stipulated dismissal of the claims between Plaintiff and Defendant J. Michael Ranson and administratively terminated this action. *Order* (Docket No. 71). The only claims remaining in the action when it was terminated were the claims against Steven Ranson, including J. Michael Ranson's cross-claim against Steven Ranson. After the bankruptcy court lifted the stay as it relates to the cross-claim, *see Motion to Reopen*, Ex. A, p. 3 (Docket No. 72), the Court granted J. Michael Ranson's Motion to Reopen the proceedings against Steven Ranson, *Order* (Docket No. 73). The Court also set discovery and dispositive motion deadlines related to the cross-claim. *Order*, pp. 2-3 (Docket No. 73).

**ORDER - 2**

Pursuant to the Court's scheduling order, on May 31, 2006, J. Michael Ranson served Requests for Admission on Steven Ranson at the address listed in Steven Ranson's last communication with this Court. (Docket No. 74). Because Steven Ranson had not responded to these Requests within the time permitted, the Court granted J. Michael Ranson's Motion to deem the requests admitted. *See Motion to Have the Court Deem Requests for Admission Admitted* (Docket No. 75); *Order* (Docket No. 77).

In July of 2006, J. Michael Ranson also filed a Motion for Summary Judgment. (Docket No. 76). Because the deadline for Steven Ranson to respond to this Motion passed on August 24, 2006 without any response, the Court entered an Order requiring Mr. Ranson to respond by October 16, 2006. *Order* (Docket No. 77). On October 16, 2006, Steven Ranson sent an email to an email address used only for submitting proposed orders to the Court. This email requested an additional two weeks to respond to the Court's Order and attached a Settlement Agreement and Mutual Release ("Settlement Agreement") purported to be an agreement between Steven Ranson, J. Michael Ranson, and other parties to provide for a release of all claims arising from the Amresco Loan. The Court notified Steven Ranson that all matters requiring court action must be filed with the Clerk of the Court. Nonetheless, the Court waited an additional five weeks after receiving Steven Ranson's email to allow him time to respond to the Motion for Summary Judgment before entering an Order ruling on the requested summary judgment. Steven Ranson never responded to the Court's notice, nor has he filed anything with the Clerk of the Court in over a year and one-half, since his Response to Plaintiff's Application for Default Judgment was filed on August 24, 2005 (Docket No. 51).

## II.

## DISCUSSION

Generally, after the deadline for filing dispositive motions has passed, as it has in this action, a trial would be set. It was for this purpose that a notice of telephone scheduling conference to be held on March 21, 2007 was recently sent to the parties. However, upon reflection, and considering that Steven Ranson has not appeared to defend against the last two motions filed by J. Michael Ranson, it is appropriate to re-set the telephone conference and enter

**ORDER - 3**

this Order requiring Steven Ranson to show cause why default should not be entered against him for "failing to defend as provided by" the federal rules. *See* Fed. R. Civ. P. 55(a).

Accordingly, Steven Ranson shall file a written notice with the Clerk of the Court, on or before April 3, 2007, stating whether he will appear at trial and defend this action and providing a telephone number where he can be reached for the telephone scheduling conference. In addition, the telephone scheduling conference will be re-set to April 10, 2007 at 11 a.m. (MST). J. Michael Ranson shall initiate the telephone conference call connecting himself and Steven Ranson to Judge Boyle's chambers at (208) 334-1495. If Steven Ranson does not file the required written notice, and/or appear at the telephone scheduling conference, an application for default may be appropriate. *See* Federal Rule of Civil Procedure 55(b)(2) (providing that "the party entitled to a judgment by default should apply to the court therefor").

## III.

## ORDER

IT IS THEREFORE HEREBY ORDERED:

1. The telephone scheduling conference currently set for March 21, 2007 (see Docket No. 79), is VACATED, and re-set to **April 10, 2007 at 11 a.m.** (MST). J. Michael Ranson shall initiate the telephone conference call connecting himself and Steven Ranson to Judge Boyle's chambers at (208) 334-1495.

2. On or before April 3, 2007, Steven Ranson shall file a written notice with the Clerk of the Court, stating whether he will appear at trial and defend this action and providing a telephone number where he can be reached for the April 10th telephone scheduling conference.

**ORDER - 4**

3. The Clerk of the Court shall mail a copy of this Order to the following addresses:

> Steven Ranson
> 5 Chilton Manor, Apt. B
> Charleston, West Virginia,  25314
>
> Steven Ranson
> c/o John N. Charnock, Jr.
> P.O. Box 207
> Charleston, West Virginia,  25321

DATED:  **March 12, 2007**.



_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER - 5**